# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WILLIAM ICAL TUIL**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**#221976**

v.　　　　　　　　　No: 4:20-cv-00190 BRW-PSH

**JOHN DOES**　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff William Ical Tuil filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 25, 2020, while incarcerated at the Lonoke County Detention Facility (Doc. No. 2). Ical Tuil was subsequently granted leave to proceed *in forma pauperis* and ordered to file an amended complaint. Doc. No. 3. Ical Tuil was instructed to name or describe specific defendants, explain how they were personally

involved in the alleged violation of his rights, and state how he was injured as a result. *Id.* Ical Tuil was also instructed to narrow his claims to one factually related incident or issue. *Id*. Ical Tuil subsequently filed an amended complaint (Doc. No. 4) in which he continued to complain about multiple issues, did not name or describe any specific defendants, and did not explain how the conditions at the Lonoke County Detention Facility injured him. He was ordered to amend once again. Doc. No. 5. Ical Tuil was warned that an amended complaint would render his original complaint without legal effect, and only claims properly set out in the amended complaint would be allowed to proceed. *Id.*

Ical Tuil filed his second amended complaint on March 17, 2020 (Doc. No. 6). For the reasons stated herein, Ical Tuil's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555

(2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Ical Tuil's second amended complaint states the following:

> The Lonoke County Detention Center located on 440 DeeDee Lane, Lonoke AR 72086 is not fit to house inmates. I myself William Ical Tuil have spent 18 months here and in that time frame conditions have done nothing but get worse.

Doc. No. 6 at 4. The very few facts provided by Ical Tuil are insufficient to state a constitutional claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Ical Tuil does not name any defendant or describe the personal involvement of any defendant. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th

Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Ical Tuil also fails to describe how he has been injured. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

Finally, Ical Tuil provides insufficient facts to support any constitutional claim. His vague and conclusory allegation that the Lonoke County jail is unfit is insufficient to state a claim for relief.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Ical Tuil's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 15th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE